### SEYMOUR *et al* v. KRAMER *et al.*

Section 1892 of the Code, has reference to personal property in the hands of third persons, and not a proceeding where the equitable interest of the debtor in real estate, is sought to be reached.

The proceeding by garnishment does not obtain where the creditor seeks to subject the real estate of his debtor, in the hands of third persons, to the payment of his debt.

*Harrison* v. *Kramer et al*, 8 Iowa, 543, affirmed and followed.

*Appeal from the Jones District Court.*

TUESDAY, DECEMBER 8.

This is a bill in equity, to set aside certain deeds of real estate, alleged to have been made with intent to defraud the complainants, and to perfect their title under a sheriff's sale. The respondents having failed to answer, the

bill was taken as confessed, and a decree rendered in accordance with the prayer of the bill, from which the respondents appeal.

*Henry & Foos*, for the appellants.

*Whitaker & Grant*, for the appellees.

WRIGHT, C. J.—The facts in this case, are in all respects similar to those in *Harrison* v. *Kramer et al*, 3 Iowa, 543. So far as the same points there ruled, are again made in this case by counsel, we only say, that we see no reason for changing the opinion there announced.

The appellants make the further argument, that the execution plaintiff should have pursued the course pointed out and provided for in section 1892 of the Code. We are satisfied, however, that this section has reference to personal property in the hands of third persons, and not to a proceeding where the equitable interest of the debtor in real estate, is sought to be reached. The proceeding by garnishment does not obtain, where the creditor seeks to subject the real estate of his debtor, in the hands of third persons, to the payment of his debt.

It is further objected, that the record, and particularly the return of the sheriff to the execution, under which plaintiffs claim, do not sufficiently show the levy and sale of the premises in dispute. The bill, however, expressly avers, that the real estate was levied upon under an execution issued from the proper office; and that it was sold by the sheriff, and purchased by complainants—the dates of the judgment, execution, levy and sale, all being distinctly stated. The respondents having failed to answer, the bill was taken as confessed and true. The decree recites that it was made to appear to the court, that the levy was made, and that the sale took place after due advertisement, as the law directs. We think this is sufficient, and that in this court, any argument, drawn from the supposed defective return of the sheriff to the execution, loses all its force.

Decree affirmed.